UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ODYSSEY MANUFACTURING
CO.,

    Plaintiff,

v.                                                          Case No: 8:23-cv-940-TPB-CPT

OLIN CORPORATION,

    Defendant.
_____ /

**ORDER DENYING MOTION TO SEAL**

This matter is before the Court on "Defendant Olin Corporation's Motion for Leave to File Under Seal Unredacted Versions of its Response in Opposition to Plaintiff's Motion for Preliminary Injunction and Supporting Materials," filed on May 18, 2023. (Doc. 20). Plaintiff Odyssey Manufacturing Co. filed a response in opposition on May 29, 2023. (Doc. 29). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**

Odyssey and Olin entered into a 10-year contract under which Olin agreed to deliver and Odyssey agreed to purchase certain quantities of Olin's HyPure® Bleach. On April 13, 2023, Olin notified Odyssey that it would limit the quantities of bleach it delivered in coming months. Odyssey contends this limitation is not permitted under the contract. Odyssey filed a complaint against Olin seeking specific performance and damages for breach of contract, and has moved for a

preliminary injunction. Odyssey redacted from its filing limited information it considered confidential under the parties' contract. Olin's response contains more extensive redactions, and Olin seeks to file unredacted versions of these documents under seal.

## Legal Standard

Filing information under seal is disfavored. *See, e.g.*, *Verma v. Mem. Healthcare Group, Inc.*, No. 3:16-cv-427-J-25JRK, 2017 WL 8315889, at *1 (M.D. Fla. May 2, 2017). Local Rule 1.11(a) accordingly limits a party's ability to file information under seal to "compelling" circumstances:

> Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification. Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation.

As stated in the Local Rule, the fact that documents have been designated as confidential under a protective order is insufficient, without more, to demonstrate good cause to seal documents submitted in connection with a substantive pretrial motion. *See, e.g., Regions Bank v. Kaplan*, No 8:16-cv-2867-T-23AAS, 2018 WL 7982868, at *1 (M.D. Fla. Jan. 10, 2018). However, the presumption of public access may be overcome by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In determining whether good cause exist, courts balance, among other factors, the potential for impairing court functions or harming legitimate privacy interests, the degree of and likelihood of injury if the information is made public, the reliability of the information, whether there will be an

opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Id.*

## Analysis

Olin describes the information it seeks to file under seal as "confidential and/or proprietary information that is subject to the applicable confidentiality provisions in the contract, as well as confidential business and financial information, and nonpublic information regarding third parties." The redacted information includes pricing and quantity information contained in the parties' contract and in their communications with each other.

The parties' contract designates all its terms as confidential business information and trade secrets, but that does not justify filing documents or information under seal. *See* Local Rule 1.11(a). Olin asserts that the material sought to be sealed contains pricing, customer, and market information that is "highly sensitive," and that disclosure would place Olin's competitive position and reputation "at risk." Such generalized statements are insufficient to establish good cause for sealing. *See Romero*, 480 F.3d at 1247. Instead, "[t]he party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *In re: Photochromic Lens Antitrust Litig.*, No. 8:10-MD-2173-T27EAJ, 2011 WL 13141945, at *1 (M.D. Fla. June 9, 2011) (internal quotation omitted). Olin has not

done that here.  Moreover, most of the information Olin seeks to seal has already been filed in the public record by Odyssey.

Olin's motion to seal is therefore denied.  Olin is directed to file a copy of its opposing memorandum and supporting materials, unredacted except for those limited portions that Odyssey redacted from its preliminary injunction motion and exhibits (Doc. 9), on or before June 16, 2023.  The information redacted by Odyssey does not appear to be relevant to the parties' dispute, and Odyssey did not seek to file the information under seal.  If Olin contends otherwise and wishes the Court to consider this information in connection with the pending motion for preliminary injunction, Olin may either file the information in the public record or file a renewed motion to seal making a more particularized showing why this limited information should be sealed.

It is therefore

**ORDERED, ADJUDGED,** and **DECREED:**

(1) "Defendant Olin Corporation's Motion for Leave to File under Seal Unredacted Versions of its Response in Opposition to Plaintiff's Motion for Preliminary Injunction and Supporting Materials" (Doc. 20) is **DENIED.**

(2) Olin is **DIRECTED** to file a copy of its opposing memorandum and supporting materials, unredacted except for those limited portions that Odyssey redacted from its preliminary injunction motion and exhibits, on

or before June 16, 2023.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of June, 2023.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**